# IN THE UNITED STATES DISTRICT COURT OF ALABAMA
## SOUTHERN DISTRICT

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § | |
|    Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO.<br>CV: 25-_____ |
| JM CONSTRUCTION COMPANY, LLC<br>and JOHN L. MYRICKS,<br>individually and jointly, | §<br><br>§ | |
|    Defendants. | § | |

## COMPLAINT

COMES NOW Plaintiff Hancock Whitney Bank formerly known as Hancock Bank ("Hancock"), and files its complaint against Defendants, JM Construction Company, LLC ("JM") and John L. Myricks ("Myricks") (individually a "Defendant" and collectively the "Defendants"), individually and jointly. In support of this Complaint, Hancock states as follows:

## PARTIES

1. Hancock is a Mississippi banking organization that is organized under the laws of the State of Mississippi, with its principal place of business in Mississippi, and routinely conducts business in the State of Alabama.

2. Upon information and belief, JM is a registered corporation in Alabama and conducts/conducted business in the State of Alabama. JM's registered agent is Myricks, and JM's registered street address is 11 N. Water Street, Ste. 10290/PMB2192, Mobile, Alabama 36602.

3.      Upon information and belief, Myricks is an individual, over the age of nineteen (19) years, and is a resident of Mobile County, Alabama.

## JURISDICTION AND VENUE

4.      Venue is proper in the Southern District of Alabama as the Defendants are residents of the Southern District of Alabama.

5.      This District Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332. Hancock is a citizen of Mississippi, and Defendants are citizens of Alabama. Additionally, the amount in controversy exceeds $75,000.00, exclusive of costs and interest, the minimum limits of the Court. Therefore, complete diversity of the parties is met and the claim between the parties exceeds the required jurisdictional amount necessary for diversity jurisdiction purposes.

## AGENCY

6.      Whenever it is alleged that JM committed an act, it is also to be taken that the JM committed said act or acts through its officers, directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of JM'S acts.

## FACTUAL ALLEGATIONS

The following undisputed facts are material to the claims asserted in this Complaint.

### A.  SBA Loan 5337859101 (Hancock Loan 44000573253) The "9101 Note"

7. On October 19, 2023, JM executed a Promissory Note (hereinafter the "9101 Note") for SBA Loan 5337859101 (Hancock Loan 44000573253), in the amount of $50,000.00 in favor of Hancock. A true and correct copy of the 9101 Note is attached hereto and incorporated by reference herein as **Exhibit "A"**.

8. JM defaulted on the 9101 Note. Hancock accelerated its indebtedness pursuant to its terms and conditions.

9. As of January 24, 2024, the outstanding amount owed to Hancock on the 9101 Note was $50,913.35 which consists of $49,908.43 in principal; $982.57 in accrued interest; and $22.35 in late fees. As of the date of this Complaint, interest continues to accrue at a rate of $14.22 per day.[1]

10. The 9101 Note provides for recovery of costs of collection, including, without limitation, reasonable attorney fees. *See*, **Ex. A**.

### B.  Unconditional Guarantee Agreement for SBA Loan 5337859101 (Hancock Loan 44000573253) The "9101 Guarantee"

11. On or about October 19, 2023, Myricks executed an Unconditional Guarantee Agreement (the "9101 Guarantee") for SBA Loan 5337859101 (Hancock Loan 44000573253). Pursuant to the 9101 Guarantee, Myricks unconditionally guaranteed the payment, performance, and complete fulfillment of all the obligations,

---

[1] The promissory note contains a variable interest rate and the per diem is subject to change.

whether then existing or thereafter acquired, of JM to Hancock. A true and correct copy of the 9101 Guarantee is attached hereto and incorporated by reference herein as **Exhibit "B"**.

12. Myricks defaulted under the terms of the 9101 Guarantee. As of January 24, 2024, there is an outstanding balance in the amount of $50,913.35 based on the terms of the 9101 Guarantee. This amount does not include continuing interest, continuing costs, expenses, and attorney fees.

13. The 9101 Guarantee also provides for recovery of costs of collection, including reasonable attorney fees. *See*, **Ex. B**.

    C.     **SBA Loan 5347389106 (Hancock Loan 33000832675)**
                **The "9106 Note"**

14. On October 19, 2023, JM executed a Promissory Note (hereinafter the "9106 Note") for SBA Loan 5347389106 (Hancock Loan 33000832675), in the amount of $345,000.00 in favor of Hancock. A true and correct copy of the 9106 Note is attached hereto and incorporated by reference herein as **Exhibit "C"**.

15. JM defaulted on the 9106 Note. Hancock accelerated its indebtedness pursuant to its terms and conditions.

16. As of January 24, 2024, the outstanding amount owed to Hancock on the 9106 Note was $339,183.48, which consists of $327,302.19 in principal; $11,164.38 in

accrued interest; and $716.91 in late fees. As of the date of this Complaint, interest continues to accrue at a rate of $93.20 per day.[2]

17.     The 9106 Note provides for recovery of costs of collection, including, without limitation, reasonable attorney fees. *See*, **Ex. C**.

### D.     Unconditional Guarantee Agreement for SBA Loan 5347389106 (Hancock Loan 33000832675) The "9106 Guarantee"

18.     On or about October 19, 2023, Myricks executed an Unconditional Guarantee Agreement (the "9106 Guarantee") for SBA Loan 5347389106 (Hancock Loan 33000832675).  Pursuant to the 9106 Guarantee, Myricks unconditionally guaranteed the payment, performance, and complete fulfillment of all the obligations, whether then existing or thereafter acquired, of JM to Hancock.  A true and correct copy of the 9106 Guarantee is attached hereto and incorporated by reference herein as **Exhibit "D"**.

19.     Myricks defaulted under the terms of the 9106 Guarantee.  As of January 24, 2024, there is an outstanding balance in the amount of $339,183.48 based on the terms of the 9106 Guarantee.  This amount does not include continuing interest, continuing costs, expenses, and attorney fees.

20.     The 9106 Guarantee also provides for recovery of costs of collection, including reasonable attorney fees.  See, **Ex. D**.

---

[2]     The promissory note contains a variable interest rate and the per diem is subject to change.

## COUNT ONE
## Breach of Contract – Promissory Note
## (The "9101 Note")

21. Hancock adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

22. Hancock and JM entered into the above-referenced 9101 Note, which was valid and binding upon the parties.

23. Hancock performed as required under the 9101 Note.

24. JM breached the 9101 Note by failing to perform as required under the 9101 Note.

25. Hancock was damaged by JM's nonperformance under the 9101 Note.

26. Additionally, the 9101 Note provides for recovery of cost of collection, including reasonable attorney fees and expenses.

## COUNT TWO
## Breach of Contract – Unconditional Guarantee Agreement
## (The "9101 Guarantee")

27. Hancock adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

28. Hancock and Myricks entered into the above-referenced 9101 Guarantee, which was binding upon the parties.

29. Hancock performed as required under the 9101 Guarantee.

30. Myricks breached the 9101 Guarantee by failing to perform as required under the 9101 Guarantee.

31. Hancock was damaged by Myricks nonperformance under the 9101 Guarantee.

32. Additionally, the 9101 Guarantee provides for recovery of cost of collection, including reasonable attorney fees and expenses.

## COUNT THREE
## Breach of Contract – Promissory Note
## (The "9106 Note")

33. Hancock adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

34. Hancock and JM entered into the above-referenced 9106 Note, which was valid and binding upon the parties.

35. Hancock performed as required under the 9106 Note.

36. JM breached the 9106 Note by failing to perform as required under the 9106 Note.

37. Hancock was damaged by JM's nonperformance under the 9106 Note.

38. Additionally, the 9106 Note provides for recovery of cost of collection, including reasonable attorney fees and expenses.

## COUNT FOUR
## Breach of Contract – Unconditional Guarantee Agreement
## (The "9106 Guarantee")

39. Hancock adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

40. Hancock and Myricks entered into the above-referenced 9106 Guarantee, which was binding upon the parties.

41. Hancock performed as required under the 9106 Guarantee.

42. Myricks breached the 9106 Guarantee by failing to perform as required under the 9106 Guarantee.

43. Hancock was damaged by Myricks nonperformance under the 9106 Guarantee.

44. Additionally, the 9106 Guarantee provides for recovery of cost of collection, including reasonable attorney fees and expenses.

## **RELIEF REQUESTED**

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against the Defendants, JM Construction Company, LLC and John L. Myricks, as follows:

(a) Count One: general damages against Defendant, JM Construction Company, LLC, in the amount of $50,913.35 for breach of the 9101 Note, plus the applicable per diem;

(b) Additional prejudgment interest as provided by the 9101 Note;

(c) Count Two: general damages against Defendant, John L. Myricks, in the amount of $50,913.35 for breach of the 9101 Guarantee, plus the applicable per diem;

(d) Count Three: general damages against Defendant, JM Construction Company, LLC, in the amount of $339,183.48 for breach of the 9106 Note, plus the applicable per diem;

(e) Additional prejudgment interest as provided by the 9106 Note;

(f) Count Four: general damages against Defendant, John L. Myricks, in the amount of $339,183.48 for breach of the 9106 Guarantee plus the applicable per diem;

(g) All incurred, accruing, and future reasonable attorney fees and costs, plus reasonable attorney fees and costs that may be incurred in the event of any appeals and/or post judgment enforcement and/or collection efforts;

(h) All accruing late charges and fees;

(i) All costs of court;

(j) Interest at the maximum rate provided by the 9101 Note, the 9106 Note, and Alabama law on the total amount of the judgment, from the date of judgment until paid in full; and

(k) Such other and further relief to which Hancock Whitney Bank may be entitled.

Respectfully submitted this 28th day of January 2025.

HELMSING, LEACH, HERLONG,
NEWMAN & ROUSE, P.C.

s/Joshua D. Friedman
Jeffery J. Hartley  (HARTJ4885 )
Joshua D. Friedman (FRIEJ1586)
Counsel for Plaintiff,

                HANCOCK WHITNEY BANK
                Post Office Box 2767
                Mobile, AL 36652
                (251) 432-5521; (251) 432-0633 Fax
                jjh@helmsinglaw.com
                jdf@helmsinglaw.com

**<u>NOTE TO CLERK</u>:**
**Defendants to be served via process server at:**

JM Construction Company, LLC
c/o John L. Myricks
11 North Water Street
Suite 10290
Mobile, Alabama 36602

John L. Myricks
663 Vaughan Drive N.
Satsuma, Alabama 36572

                **s/Joshua D. Friedman**
                _____

4843-4572-6206, v. 1